IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **11-cv-02972-JLK**

**JOEL M. SMITH and**
**GLOBAL GENERATION SOURCE, INC., a Colorado corporation,**

    Plaintiff,

v.

**BALDOR ELECTRIC COMPANY, a Missouri corporation,**

    Defendant.

---

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

KANE, J.

Joel M. Smith is the sole owner and employee of Global Generator Source, Inc. ("Global"), and as Global is engaged in the business of selling new and used power generation equipment. For purposes of summary judgment, it is undisputed that Smith entered into a negotiated but ultimately oral agreement with Defendant, Baldor Electric Company ("Baldor"), to be the exclusive seller of Baldor generators to Northland Power Services ("NPS"). After NPS was acquired by Aggreko LLC, Baldor began end-running Smith and selling to Aggreko directly. Smith sued, asserting his agreement to be the exclusive source for Baldor equipment to NPS extended through Aggreko's acquisition such that Baldor's direct sales breached that agreement. Smith asserts claims for breach of contract, promissory estoppel, and quantum meruit, seeking both monetary damages

and equitable relief.[1]

Baldor moves for summary judgment. Because the Motion is framed largely around issues of "sham" affidavits and the parsing of specific terms to which the parties' agreed, I set the matter for oral argument (Doc. 21), giving the parties a list of questions to come prepared to address. After oral argument I took the Motion for Summary Judgment under advisement. Having considered the parties' arguments and reviewed the supplemental authorities offered by both, I DENY the Motion for Summary Judgment and order the case set for a pretrial conference.

The decision to deny Baldor's Motion is a close one, but in the end it was the timing of the parties' discussions in late 2010 and early 2011 that convinced me to allow jurors to assess the parties' intent with regard to their arrangement rather than take that decision from them. Both parties should be aware of the risks posed by moving forward to trial. I remain unconvinced of the legal basis for Smith's claim to exclusive sales rights that survived NPS's sale to Aggreko. It is clear, however – based on the deposition testimony I have reviewed and various written communications between the parties – that reasonable jurors *could* find Baldor gave Smith those rights and intended them to survive NPS's purchase. I note certain of Smith-Global's legal theories may be tested again in the work-up to a final set of jury instructions. Smith is reminded that his claims for

---

[1] Smith actually asserts two additional claims for relief (Claims 5 and 6), but they are either redundant of claims already asserted (e.g. Smith's fifth claim for "wrongful withholding" of Aggreko sales profits), or simply requests for different or alternative types of relief (e.g. claim six for "an accounting").

equitable relief will be decided by the Court, not the jury.  A special verdict form will be used, and in this case will include a series of special interrogatories designed to elicit specific findings regarding the existence of a contract between the parties and, if a contract was formed, what its specific terms were.

Baldor's Motion for Summary Judgment (Doc. 15) is DENIED.  This case will be set for a Pretrial Conference by separate Minute Order.

Dated January 8, 2013.

                                                **s/John L. Kane**
                                                SENIOR U.S. DISTRICT JUDGE