# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02972-JLK-MJW

JOEL M. SMITH and
GLOBAL GENERATOR SOURCE, INC.,
a Colorado corporation

       Plaintiffs,

v.

BALDOR ELECTRIC COMPANY,
a Missouri corporation,

       Defendant.

---

## AMENDED PRETRIAL ORDER

---

## 1. DATE AND APPEARANCES

Pretrial Conference:  Friday, March 1, 2013.

Appearing for Plaintiffs:  Stephen E. Kapnik, Lohf, Shaiman, Jacobs, Hyman & Feiger, P.C.

Appearing for Defendants: Karl L. Schock, Brownstein Hyatt Farber Schreck, LLP.

Status / Trial-Setting Conference: Tuesday, July 23, 2013.

Appearing for Plaintiffs:  Stephen E. Kapnik and Alan S. Thompson, Lohf Shaiman Jacobs Hyman & Feiger P.C.

Appearing for Defendants: Peter G. Kumpe of Williams & Anderson PLC  and Karl L. Schock, Brownstein Hyatt Farber Schreck, LLP.

## 2. JURISDICTION

This Court has subject-matter jurisdiction under 28 U.S.C. § 1441 (removal jurisdiction). The Court's original jurisdiction for removal is 28 U.S.C. § 1332 (diversity of citizenship). The Plaintiffs and Defendants are citizens of different states and the amount of controversy exceeds $75,000, exclusive of interest and costs.

## 3. CLAIMS AND DEFENSES

a.    <u>Plaintiffs' statement</u>:

Defendant, Baldor Electric Company ("Baldor"), makes portable electric generators. Prior to 2009, it had been trying for years to sell its generators to NPS Power Services ("NPS"), a company that leases generators to oil and gas companies for use in the field. Beginning in 2009, with increased oil and gas exploration and development in Wyoming, Utah, and North and South Dakota, NPS's (and Baldor's) prospects grew exponentially as more and more wells were drilled in areas not served by conventional landline electric power sources.

In 2010, Plaintiff Joel Smith ("Mr. Smith") and his new and small company, Global Generator Source, Inc. ("GGS"), paved the road for Baldor to sell its generators to NPS, employing: 1) better pricing and warranties; 2) modified standard generators; and 3) a relationship supported by communications and better repair service. Smith and GGS (collectively "Smith/GGS") gained entry into NPS where earlier efforts by previous Baldor distributors had failed. After working through the details with NPS and Baldor, and before disclosing one to the other, Smith/GGS obtained terms and specifications from Baldor that were acceptable to NPS. Understanding the potential for a large new

market for Baldor's generators, Smith/GGS obtained Baldor's agreement to sell to NPS only through Smith/GGS, as its exclusive distributor or agent to NPS.  Baldor agreed to and accepted Smith/GGS' exclusive right to sell generators to NPS and, as NPS was a venture capital ("VC") held firm, likely to be acquired at any time, to NPS's successors, as well.

Smith/GGS was successful.  Through Mr. Smith's work, Baldor sold numerous generators via Smith/GGS to NPS on an ongoing basis.  Smith/GGS also opened up a new NPS market for Baldor in selling natural gas generators (as opposed to diesel), which had greater industry-wide potential in the oil patch.

As Mr. Smith had predicted, in December, 2010, Aggreko, an international generator manufacturer, acquired NPS.  Baldor, not wanting to risk its new and lucrative generator market opportunity, instructed Smith/GGS to do what it could to keep the relationship with NPS's successor – and reaffirmed its promise to sell to Aggreko only through Smith/GGS.  Mr. Smith did so, but before the very first Aggreko transaction closed, Baldor went behind his back, and contrary to its contract and many assurances to the contrary, sold generators directly to Aggreko.  Baldor's motivation to do so obviously included the additional revenue it earned by selling directly to Aggreko, and not having to pay Smith/GGS.

Baldor did not build its relationship with Aggreko alone, and since cutting out Smith/GGS, has sold more than $10,000,000 in generators directly to Aggreko, paying nothing to Smith/GGS, and all the while never having terminated Mr. Smith's exclusive right to sell.

In short, Baldor agreed to provide Smith/GGS an exclusive right to sell to NPS *and* its successors, and Aggreko came to Baldor as a result of Mr. Smith's efforts in any event.  Under this fact pattern, Smith/GGS has asserted and will try the following claims against Baldor:

1.    Breach of Express Contract;
2.    Unjust Enrichment;
3.    Promissory Estoppel;
4.    Quantum Meruit;
5.    Wrongful Withholding;
6.    Accounting.

As noted in the Court's Order Denying Defendant's Motion for Summary Judgment, Plaintiffs' 5th claim for relief (Wrongful Withholding) is redundant of claims already asserted (but nevertheless was asserted for the purpose of reserving Plaintiff's right to pre-judgment interest.  See C.R.S. § 5–12–102(1)(b); *Goodyear Tire & Rubber Co. v. Holmes*, 193 P.3d 821, 824-25 (Colo. 2008))  Smith's 6th claim for relief (Accounting) simply requests different or alternative types of relief on the same facts.

b.    <u>Defendant's statement</u>:

As to the contract claims, Mr. Smith and Global cannot meet their burden of proving that they were the procuring cause of Baldor's sales to Aggreko.  The undisputed evidence shows that Aggreko knew and sought out Baldor independently of Northland, Smith, or Global.  Mr. Smith and Global did not satisfy a condition precedent to receiving compensation from Baldor—specifically, the condition that he bring Aggreko to Baldor. The oral contract is not enforceable under the Statute of Frauds because, based on Mr. Smith and Global's theory of the case, they had a perpetual, unending right to

compensation that could not be performed within one year.  There is no such thing in Colorado law as an "exclusive agency to sell" as to a single customer, much less a single customer and its successors-in-interest.

As to the promissory estoppel claims, Mr. Smith and Global cannot show detrimental reliance or any reasonable reliance on any alleged promise by Baldor.  The promissory estoppel claim, as an equitable theory, will be decided by the Court, not a jury.  As to the unjust enrichment/quantum meruit claims, Mr. Smith and Global did not confer any benefit to Baldor with respect to the Aggreko sales.  Aggreko did not want to do business with Mr. Smith or Global, its policy was to deal directly with the manufacturer.  As an equitable claim, there is no jury trial for an unjust enrichment or quantum meruit claim.

As to damages, there is no damage because prior to the Aggreko transaction, Baldor sold its products to Global directly, who re-sold the products to Northland at a higher price (of which Baldor was not privy).  Aggreko was unwilling to purchase Baldor's products at the price that Global re-sold the products to Northland.  Supposing, *arguendo*, that Mr. Smith and Global were in the supply chain, they would have made zero profit off of Baldor's sales to Aggreko.  Mr. Smith and Global cannot show any actual damages without resort to speculation.

## 4. STIPULATIONS

a.     Facts:          **See Exhibit 1**, attached hereto.

b.    <u>Evidence</u>:    The parties are working on stipulations as to admission of certain exhibits appearing in the exhibit list below and intend to file a final exhibit list before the Pretrial Conference, indicating such stipulations.

The parties have no other stipulations relating to evidence.

c.    <u>Applicable Law</u>:  This case is governed by the substantive law of the State of Colorado.

1.    <u>Statutes</u>: None.

2.    <u>Regulations</u>: None.

3.    <u>Rules</u>: None.

4.    <u>Ordinances</u>:  None.

## 5. PENDING MOTIONS

None.

## 6. WITNESSES

**a.    <u>Nonexpert Witnesses</u>**

**Smith and Global's Witnesses**

(1) <u>Witnesses who **will** be present at trial.</u>

- Joel Smith, Highland Ranch, Colorado.

(2) <u>Witnesses who **may** be present at trial if the need arises.</u>

- Tim Garguilo, Baldor Electric Company, Denver, Colorado.

- Ray Lakotos, Baldor Electric Company, Denver Colorado.

- Rob Hilkemeier, Baldor Electric Company, Denver, Colorado

(3) <u>Witnesses whose testimony is expected to be presented by means of a</u>

<u>deposition and a transcript of the pertinent portions of the deposition testimony</u>.

- If not otherwise produced at trial, Plaintiff may call Dwain L. Williams, Amarillo, Texas by deposition.  Pertinent portions of the deposition testimony Plaintiff intends to offer are indicated on the transcript attached hereto as **Exhibit 2**.

- If not otherwise produced at trial, Plaintiff may call Rod Longwell, c/o NPS / Aggreko, Commerce City, Colorado, by deposition.  Pertinent portions of the deposition testimony Plaintiff intends to offer are indicated on the transcript attached hereto as **Exhibit 3**.

- If not otherwise produced at trial by Defendant, Plaintiff may call Paul Godsman, c/o NPS / Aggreko, Commerce City, Colorado, by deposition.  Pertinent portions of the deposition testimony Plaintiff intends to offer are indicated on the transcript attached hereto as **Exhibit 4**.

**Baldor's Witnesses**

(1) <u>Witnesses who **will** be present at trial.</u>

- Tim Gargiulo, Denver, Colorado.  Mr. Gargiulo is the District Manager for Rocky Mountain Baldor and will testify about his dealings with Smith, Global, Northland, and Aggreko.

(2) <u>Witnesses who **may** be present at trial if the need arises.</u>

- Ray Lokatos, Denver, Colorado.  Mr. Lokatos is a sales representative of Baldor and may testify about his dealings with Global, Smith, and Northland.

- Paul Godsman, Denver, Colorado.  Mr. Godsman is a sales representative for Rocky Mountain Baldor and may testify about his dealings with Global, Smith, and Baldor.

- John Raber, Oshkosh, Wisconsin.  Mr. Raber is Baldor's General Sales Manager and will testify about Baldor's pricing and sales to Global and Aggreko.

- Robert Hilkemeier, Arvada, Colorado.  Mr. Hilkemeier the Western Regional Sales Manager at Baldor and may testify about his dealings with Global, Smith, and Baldor.

- Paul Epley, Gillette, Wyoming.  Mr. Epley was a Special Projects Manager for Northland Power Services and may testify about his dealings with Global, Smith, and Baldor.

- Neal Hargrave, New Iberia, Louisiana.  Mr. Hargrave is the Aggreko North America National Purchase Manager and may testify abou this dealing with Global, Smith and Baldor.

(3) <u>Witnesses whose testimony is expected to be presented by means of a deposition and a transcript of the pertinent portions of the deposition testimony</u>.

- Rod Longwell, Gillette, Wyoming.  Mr. Longwell is the former Operations Manager for Northland Power Services and a current employee of Aggreko.  Pertinent portions of the deposition testimony Defendant intends to offer are indicated on the transcript attached hereto as **Exhibit 5**.

- Dwain Williams, Amarillo, Texas.  Mr. Williams is the former CEO of Northland Power Services Pertinent portions of the deposition testimony Defendant intends to offer are indicated on the transcript attached hereto as **Exhibit 6**.

- Hale Boudreaux, New Iberia, Louisiana.  Mr. Boudreaux is the National Production Manager of Aggreko and may testify about his dealings with Global, Smith, and Baldor.

- Breck Breaux, New Iberia, Louisiana.  Mr. Breaux is the Sr. Technology Specialist at Aggreko and may testify about his dealings with Global, Smith, and Baldor.

- Neal Hargrave, New Iberia, Louisiana.  Mr. Hargrave is the Aggreko North America National Purchase Manager and may testify abou this dealing with Global, Smith and Baldor.

- [Plaintiff reserves the right to object to the deposition, and presentation at trial by deposition, of Hale Boudreaux; Breck Breaux and Neal Hargrave.]

**b.**     <u>**Expert Witnesses**</u>

**Smith and Global's Witnesses**

(1) <u>Witnesses who **will** be present at trial.</u>

    None.

(2) <u>Witnesses who **may** be present at trial if the need arises.</u>

    None

(3) <u>Witnesses whose testimony is expected to be presented by means of a deposition and a transcript of the pertinent portions of the deposition testimony.</u>

    None

**Baldor's Witnesses**

(1) <u>Witnesses who **will** be present at trial.</u>

Baldor intends to call John Paul Anderson, Senior Director with Alvarez & Marsal Global Forensics and Disputes Services, 707 17th St # 2125 Denver, CO 80202 to testify at trial regarding the Determination of Ordinary Business Income document which is the Defendant's proposed Exhibit 30.  Mr. Anderson will testify regarding the document that will be offered as Defendant's Exhibit 30 and regarding the Plaintiffs' damage theory in general.

[Plaintiff objects to presentation of this witness.  Defendant did not disclose the witness timely pursuant to the Scheduling Order herein (¶6(e)(3)) or as required by F.R.C.P. 26(a)(2)]

(2) <u>Witnesses who **may** be present at trial if the need arises.</u>

See above.

(3) <u>Witnesses whose testimony is expected to be presented by means of a</u>

deposition and a transcript of the pertinent portions of the deposition testimony.

None.

## 7. EXHIBITS

a.     Exhibits to be Offered.

| Exhibit No. | Description | Party Offering | Admissibility Stipulated? |
|---|---|---|---|
| 1 | Copies of Business Cards SMITH000195-000196 | Defendant | Stipulated |
| 2 | Email, 04/01/11 to Breck Breaux from Joel Smith  SMITH001345 - 001346 | Defendant | Stipulated |
| 3 | Email, 01/17/11 to Paul Epley from Joel Smith  SMITH001426-001427 | Defendant | Stipulated |
| 4 | Email, 01/25/11 to Hale Boudreaux from John Rabor  BAL1001212 | Defendant | |
| 5 | Aggreko Purchase Order, 03/16/11 to Baldor  BAL1000738-1000739 | Defendant | Stipulated |
| 6 | Invoices of Baldor, NPS and Aggreko | Defendant | Stipulated as to Baldor Invoices, not Aggreko invoices |
| 7 | E-mail chain ending 11/04/09,  from Dwain Williams to Joel Smith, with attached Non-Circumvention and Finder's Fee Agreement dated 11/04/09 SMITH000298-000300, SMITH003550-003552 | Defendant | Stipulated |
| 8 | E-mail, 06/28/10 from Paul Godsman to John Raber, et  al.  BAL1000474 | Defendant | Stipulated |
| 9 | E-mail chain ending 12/20/10,  from Tim Gargiulo to Joel Smith SMITH000046-000047 | Defendant | Stipulated |
| 10 | E-mail chain ending 12/20/10,  from Joel Smith to Joel Smith SMITH001829-001833 | Defendant | Stipulated |

| | | | |
|---|---|---|---|
| 11 | Letter, 12/22/10 to Global Generator from Neal Hargrave with Aggreko North America Purchase Order General Terms and Conditions attached SMITH000031-000034 | Defendant | Stipulated |
| 12 | E-mail chain ending 01/6/11, from Rod Longwell to Joel Smith  SMITH000041 | Defendant | Stipulated |
| 13 | E-mail chain ending 01/6/11, from Joel Smith to Tim Gargiulo  SMITH001816 | Defendant | Stipulated |
| 14 | Baldor Formal Quotation, 3/12/11 BAL1000336-1000338 | Defendant | Stipulated |
| 15 | E-mail chain ending 01/14/11, from Tim Gargiulo to Joel Smith, cc Ray Lokatos SMITH000037 | Defendant | Stipulated |
| 16 | Email chain ending 01/24/11, from Tim Gargiulo to Tim Gargiulo, Ray Lokatos, cc to Paul Godsman  BAL1001217 - 1001218 | Defendant | Stipulated |
| 17 | Email chain ending 03/16/11, from Ray Lokatos to Mark Clark, Maryellen Gianfortone, Tim Gargiulo, Breck Breaux  BAL1001013 | Defendant | Stipulated |
| 18 | Email chain ending 01/27/11, from Maryellen Gianfortone to Ray Lokatos, Tim Gargiulo  BAL1003496 | Defendant | Stipulated |
| 19 | Email chain ending 12/20/10, from Rob Hilkemeier to Tim Gargiulo, John Raber BAL1000572-1000573 | Defendant | Stipulated |
| 20 | Email chain ending 03/10/11, from Paul Godsman to Tim Gargiulo BAL1001113-1001115 | Defendant | Stipulated |
| 21 | Email chain dated 04/11/11, from Ray Lokatos to Danny Demato BAL1005092-1005093 | Defendant | Stipulated |
| 22 | Email chain ending 10/17/11, from Ray Lokatos to Rob Hilkemeier, Paul Godsman  BAL1004327 | Defendant | Stipulated |
| 23 | Email chain ending 06/30/11, from Ray Lokatos to Danny Demato, Tim Gargiulo, Shirley Culver SMITH001426-001427 | Defendant | Stipulated |
| 24 | Email chain dated 10/01/10 to Joel | Defendant | Stipulated |

|  |  |  |  |
|---|---|---|---|
|  | Smith from Dwain Williams SMITH000048-000050 |  |  |
| 25 | Email chain dated 01/14/11 to Ray Lokotos cc Tim Gargiulo, Paul Godsman  SMITH000039 | Defendant | Stipulated |
| 26 | Email dated 01/24/11 to Joel Smith from Joel Smith  SMITH001401 | Defendant | Stipulated |
| 27 | Email dated 01/18/10 to Tim Wittman from John Rabor cc Jeff Hubert, Rob Hilkemeier, Tim Gargiulo BAL1000555 | Defendant | Stipulated |
| 28 | Email chain ending 01/7/10 from Don Wilkins from Rob Hilkemeier BAL1013382-1013384 | Defendant |  |
| 29 | Email dated 03/17/10 to Tim Gargiulo, Rob Hilkemeier from Tim Wittman BAL1000628 | Defendant | Stipulated |
| 30 | Determination of Ordinary Business Income (5 pages) and excerpts from GGS's 2011 and 2012 Federal Income Tax Returns (4 pages) | Defendant | Stipulated as to tax information only |
| 31 | Emails dated 1/14/11 from Ray Lokatos to Joel Smith and his reply Smith000039 | Plaintiffs | Stipulated |
| 32 | 3 Emails dated 1/24/11 from Joel Smith to Breck Breaux with attached Aggreko Dimensions for Northland Power Service Generators Smith 001374, 001392, 001394, 001399 | Plaintiffs | Stipulated |
| 33 | Hand written notes beginning with 1/13/11 Smith000303-000305 | Plaintiffs |  |
| 34 | Email dated 1/24/11 from Joel Smith to Breck Breaux Smith001400 | Plaintiffs | Stipulated |
| 35 | Email dated 1/24/11 from Joel Smith to Joel Smith Smith001401 | Plaintiffs | Stipulated |
| 36 | Email dated 1/18/10 from John Raber to Timothy Wittman BAL1000555 | Plaintiffs |  |
| 37 | Email dated 1/13/11 from Paul | Plaintiffs |  |

| | | | |
|---|---|---|---|
| | Godsman to Tim Gargiulo and Ray Lokatos BAL1001223 | | |
| 38 | Email chain dated 1/14/11 from Joel Smith to Tim Gargiulo BAL1000359-1000361 | Plaintiffs | Stipulated |
| 39 | Hand written note BAL1000860 | Plaintiffs | |
| 40 | Email chain ending 2/7/11 from Diane Citrano to Ray Lokatos to Phyllis Hamilton to Ray Lokatos BAL1005206-1005207 | Plaintiffs | Stipulated |
| 41 | Email claim ending 11/11/11from Denise Devillier to Kathy Ahne and her reply BAL1005302-1005304 | Plaintiffs | |
| 42 | Email chain ending 2/1/11 from Joel Smith to Ray Lokatos BAL1004157-1004162 | Plaintiffs | Stipulated |
| 43 | Email chain ending 7/29/10 from Tim Gargiulo to Ray Lokatos BAL1000657-1000658 | Plaintiffs | Stipulated |
| 44 | Email chain ending 3/10/11 from Tim Gargiulo to Neal Hargrave and Ray Lokatos BAL1001021-1001023 | Plaintiffs | Stipulated |
| 45 | Email dated 1/26/11 from Joel Smith to Tim Gargiulo BAL1001175 | Plaintiffs | Stipulated |
| 46 | Email chain ending 1/14/11? From Joel Smith to Tim Gargiulo BAL1001220-1001222 | Plaintiffs | Stipulated |
| 47 | Email chain ending 7/23/10 from Tim Gargiulo to John Raber BAL1002293 | Plaintiffs | |
| 48 | Email chain ending 4/20/11 from Hale Boudreaux to Ray Lokatos BAL1003280 | Plaintiffs | Stipulated |
| 49 | Email dated 3/16/11 from Mark Clark to Maryellen Gianfortone and Tim Gargiulo BAL1003355 | Plaintiffs | Stipulated |

| | | | |
|---|---|---|---|
| 50 | Email chain ending 4/29/10 from Joel Smith to Paul Godsman BAL1000086-1000087 | Plaintiffs | Stipulated |
| 51 | Email chain ending 2/23/10 from Joel Smith to Paul Godsman BAL1000021-1000022 | Plaintiffs | Stipulated |
| 52 | Baldor Formal Quotation, quote date 1/31/11 BAL1005238-1005240 | Plaintiffs | Stipulated |
| 53 | Baldor Formal Quotation, quote date 1/31/11 BAL1005228-1005230 | Plaintiffs | Stipulated |
| 54 | Joel M. Smith Pricing – Prime Power Generators BAL1000636-1000638 | Plaintiffs | Stipulated |
| 55 | Email chain ending 1/6/11 from Rob Hilkemeier to Ray Lokatos BAL1000560-1000564 | Plaintiffs | Stipulated |
| 56 | Email chain ending 4/22/10 from Joel Smith to Ray Lokatos BAL1000069-1000071 | Plaintiffs | Stipulated |
| 57 | Email dated 3/4/10 from Joel Smith to Ray Lokatos BAL1004124 | Plaintiffs | |
| 58 | Email dated 3/23/10 from Joel Smith to Ray Lokatos BAL1000035 | Plaintiffs | Stipulated |
| 59 | Email dated 4/21/10 from Joel Smith to Paul Godsman BAL1000067 | Plaintiffs | Stipulated |
| 60 | Email chain ending 10/1/10 from Dwain Williams to Joel Smith Smith000048-000050 | Plaintiffs | Stipulated |
| 61 | Letter dated 10/1/1- from Ray Lokatos to Dwain Williams, cc to Joel Smith Smith000197 | Plaintiffs | Stipulated |
| 62 | Summary table of Plaintiffs' damages | Plaintiffs | |
| 63 | Baldor Formal Quotation, quote date 04/07/2011 BAL1005410-1005412 | Plaintiffs | Stipulated |
| 64 | Baldor Formal Quotation, quote date 04/07/11 | Plaintiffs | Stipulated |

|    | | | |
|----|---------------------------------------------------------------------|------------|------------|
|    | BAL1005413-1005415                                                  |            |            |
| 65 | Baldor Formal Quotation, quote date 04/07/11<br>BAL1005223          | Plaintiffs | Stipulated |
| 66 | Baldor Formal Quotation, quote date 04/19/11<br>BAL1005405-1005407  | Plaintiffs | Stipulated |
| 67 | Baldor Formal Quotation, quote date 04/19/11<br>BAL1005403-1005404  | Plaintiffs | Stipulated |
| 68 | Baldor Formal Quotation, quote date 09/27/11<br>BAL1005371          | Plaintiffs | Stipulated |
| 69 | Baldor Formal Quotation, quote date 09/29/11<br>BAL1005370          | Plaintiffs | Stipulated |
| 70 | Baldor Formal Quotation, quote date 10/20/11<br>BAL1005353          | Plaintiffs | Stipulated |
| 71 | Baldor Formal Quotation, quote date 11/14/11<br>BAL1005300          | Plaintiffs | Stipulated |
| 72 | Baldor Request for Quote, dated 06/03/11<br>BAL1005389              | Plaintiffs | Stipulated |
| 73 | Email string dated 11/7-11/11<br>BAL1005302-1005304                 | Plaintiffs | Stipulated |
| 74 | Aggreko Purchase Order, order date 03/16/11<br>BAL1005291-1005292   | Plaintiffs | Stipulated |
| 75 | Aggreko Purchase Order, order date 04/29/11<br>BAL1005393           | Plaintiffs | Stipulated |
| 76 | Aggreko Purchase Order, order date 06/21/11<br>BAL1005387-1005388   | Plaintiffs | Stipulated |
| 77 | Aggreko Purchase Order, order date 10/03/11<br>BAL1005269-1005270   | Plaintiffs | Stipulated |
| 78 | Aggreko Purchase Order, order date 10/04/11<br>BAL1005267-1005268   | Plaintiffs | Stipulated |

| | | | |
|---|---|---|---|
| 79 | Aggreko Purchase Order, order date 10/05/11 BAL1005265-1005266 | Plaintiffs | Stipulated |
| 80 | Email from Ray Lokatos to Chad Alder, dated 11/02/11 BAL1005333 | Plaintiffs | Stipulated |
| 81 | Baldor Invoice dated 09/27/11 BAL1005250 | Plaintiffs | Stipulated |
| 82 | Baldor Invoice dated 10/10/11 BAL1005251 | Plaintiffs | Stipulated |
| 83 | Baldor Invoice dated 09/30/11 BAL1005252 | Plaintiffs | Stipulated |
| 84 | Baldor Credit Memo dated 10/10/11 BAL1005253 | Plaintiffs | Stipulated |
| 85 | Baldor Formal Quotation, quote date 01/31/11 BAL1005423-1005425 | Plaintiffs | Stipulated |
| 86 | Baldor Formal Quotation, quote date 03/09/11 BAL1005417-1005419 | Plaintiffs | Stipulated |
| 87(a)-87(xx) | Baldor Invoices to Aggreko, LLC appearing at BAL103502-103551 | Plaintiffs | Stipulated |
| 88 | Baldor Formal Quotation, quote date 03/11/11 BAL1005409 | Plaintiffs | Stipulated |
| 89 | Baldor Electric Company's Objections and Responses to Plaintiffs' First Set of Interrogatories, Requests for Admission and Requests for Production of Documents dated 03/29/12 | Plaintiffs | Stipulated |
| 90 | Baldor Electric Company's Objections and Responses to Plaintiffs' Second Set of Interrogatories, Requests for Admission and Requests for Production of Documents dated 06/05/12 | Plaintiffs | Stipulated |

b.      Copies of listed exhibits not previously disclosed or produced, must be provided to opposing counsel no later than five days after the Status / Trial Setting  Conference. The objections contemplated by Fed.R.Civ.P. 26(a)(3) shall be filed with the clerk and served

17

no later than 30 days before the scheduled date of the Final Trial Preparation Conference unless otherwise ordered.

## 8. DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

1.

1.   Deposition of Aggreko Employees and presentation of such witnesses by deposition at trial.   The parties may depose Aggreko, Hale Boudreaux, Breck Breaux, and Neil Hargrave to preserve their testimony and for discovery purposes, such depositions to be conducted as soon as possible.  The parties may present such witnesses by deposition at trial and shall file their respective designations of such deposition testimony to be presented at trial on or before October 18, 2013.

2.   Expert Witnesses.  Defendant may endorse and disclose its expert as identified in section 6(b)(1) above on or before August 16, 2013.  Plaintiff may disclose any rebuttal experts within 30 days thereafter and the parties may depose any such disclosed experts on or before October 18, 2013.

## 10. SETTLEMENT

The undersigned counsel certify that:

a.      Counsel for the parties met by telephone at various times to discuss in good faith the settlement of the case.

    b.      The parties participated in a conference call with the parties on July 19, 2013, to discuss the possibility of settlement.   Mr. Smith was on the call as were the Plaintiffs' counsel, Stephen E. Kapnik and Alan S. Thompson. George E. Moschner, Executive Vice-President for Compliance and Risk Management for Baldor and Lee V. Lantzy, Chief Counsel for the Discrete Automation Group of Abb, Inc., Baldor's parent company, were on the call for Baldor as well as Baldor's counsel, Peter G. Kumpe and Stephen A. Hester.  The parties did not settle.

## 11. EFFECT OF PRETRIAL ORDER

Hereafter, this Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court <u>to prevent manifest injustice</u>. The pleadings are deemed merged herein. This Pretrial Order supersedes the Scheduling and Discovery Order. In the event of ambiguity in any provision of this Pretrial Order, reference may be made to the record of the Pretrial Conference to the extent reported by stenographic notes and to the pleadings.

## 12. TRIAL AND ESTIMATED TRIAL TIME/FURTHER TRIAL PREPARATION PROCEEDINGS

a. Trial is: (1) to a jury on the contract claims and to the Court on the promissory estoppel, unjust enrichment, and quantum meruit claims; (2) estimated to take 4 days; (3) in Denver, Colorado; and (4) no special equipment or security is required.

b. Trial Date: **November 18, 2013 at 9:00 a.m.**

c. Final Trial Preparation Conference Date: **November 6, 2013 at 10:00 a.m**. In advance of this conference, the parties shall comply with the Instructions Concerning Preparation for Final Trial Preparation Conference. *See* Pretrial and Trial Procedures Memorandum, § § V & VI, from Senior Judge John L. Kane to Counsel.

d. Deadline for filing motions objecting to any testimony of an expert witness based on the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.,509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), and their progeny*: 30 days after the date of the Pretrial Conference. Any such objections not identified in Section 9 of this Order and filed by motion by this date are deemed waived. Unless otherwise ordered, a written response to such a motion must be filed no later than 20 days after the motion is filed. A reply, if any, must be filed no later than 15 days after the response. If an evidentiary hearing is required or desired say so and set forth the time needed for hearing.

e. Deadline for filing unified set of jury instructions based on the requirements set forth in section V, *supra*: 30 days after the date of the Status / Trial Setting Conference.

f. Deadline for filing all other motions in limine, including objections to exhibits and designated

deposition testimony: 30 days before the scheduled date of the Final Trial Preparation

Conference. Unless otherwise ordered, a written response to such a motion or objection

must be filed no later than 15 days after the motion is filed, and the reply, if any, must be filed no

later than 11 days after the response

DATED this 29th day of July, 2013.

BY THE COURT:

*s/John L. Kane*
JOHN L. KANE, Senior Judge
United States District Court

**PRETRIAL ORDER APPROVED:**

LOHF SHAIMAN JACOBS                WILLIAMS & ANDERSON PLC
HYMAN & FEIGER PC


___*s/ Stephen E. Kapnik*_____            *s/ Peter G. Kumpe*_____
Stephen E. Kapnik                           Peter G. Kumpe, Ark. Bar #72073
950 South Cherry Street # 900               Stephen A. Hester, Ark. Bar #2002031
Denver, Colorado 80246                      111 Center Street, Suite 2200
(303) 753-9000                              Little Rock, Arkansas 72201
skapnik@lohfshaiman.com                     Telephone: 501.372.0800
                                            Facsimile:  501.372.6453
*Attorneys for Plaintiffs Joel Smith and*    pkumpe@williamsanderson.com
*Global Generator Source, Inc.*              shester@williamsanderson.com

                                            and

                                            BROWNSTEIN HYATT FARBER
                                            SCHRECK, LLP

                                            Richard B. Benenson, #32566
                                            Karl L. Schock, #38239
                                            410 Seventeenth Street, Suite 2200
                                            Denver, Colorado 80202
                                            Telephone: 303.223.1100
                                            Facsimile: 303.223.1111
                                            rbenenson@bhfs.com
                                            kschock@bhfs.com

                                            *Attorneys for Baldor Electric Company*