IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **11-cv-02972-JLK**

**JOEL M. SMITH and**
**GLOBAL GENERATION SOURCE, INC., a Colorado corporation,**

    Plaintiff,

v.

**BALDOR ELECTRIC COMPANY, a Missouri corporation,**

    Defendant.

---

**ORDER re Jury Instructions 3.2, 3.3**

---

Kane, J.

As discussed at Thursday's Final Trial Preparation Conference, the contract at issue in this case will be informed by the Colorado Supreme Court's opinion in *Navy Gas & Supply Co. v. Schoech*, 98 P.2d 860 (Colo. 1940).  That means that Smith/Global's present view of the case – that proof of an exclusive agency contract "to sell to NPS and its successors without condition" is sufficient to support liability – is incorrect.  Colorado courts recognize two types of exclusive agency agreements: (1) contracts granting an "exclusive agency" to deal with specified property that do *not* preclude competition by the principal, and (2) contracts granting an "exclusive agency" to sell in a specified territory, that do.  *Navy Gas*, 98 P.2d at 863.   The contract alleged by Smith/Global does not include a territorial limitation and I reject the assertion that one may be inferred on the facts alleged.  Accordingly, the salient contract at issue is not an agreement that

Smith/Global had an "exclusive agency to sell to NPS and its successors," but an agreement that Baldor would not end run the agency and sell its generators to Aggreko directly.

Smith/Global appears to concede this point in its Objection to Baldor's Proposed Jury Instruction 3.2 (Doc. 40 at p. 46 of 90), where it argues that "Plaintiffs need not establish that they were the procuring cause of the Aggreko sales, *only that Baldor agreed not to go around them when selling to . . . Aggreko, and that it did.*" I agree. That is the case in a nutshell. The critical question under *Navy Gas* is not whether Baldor agreed to sell to Northfield and its successors "exclusively through Smith/Global" (because such an agreement would not preclude Baldor as principal from selling to Aggreko – or anyone else – directly, only from selling through any agent other than Smith/Global), but whether Baldor expressly agreed not to end-run Smith/Global and sell to Aggreko directly. In the absence of such a term, Baldor was free to do what it is alleged to have done and Smith/Global's breach of contract claim fails as a matter of law.

This ruling renders Baldor's proposed Instruction 3.2 (Contract Performance - Procuring Cause) moot and it will not be given. Rather, the jury will be instructed on the elements necessary to the establishment of a binding contract in this case, i.e., that the parties agreed Smith/Global would be the exclusive agent for sales of Baldor generators to Aggreko and that Baldor would not go around Smith/Global and sell to Aggreko directly.

This leaves the question of the statute of frauds. As I stated at the FTC, any contract that purported to bind Baldor in perpetuity is, by definition, a contract that cannot

be performed within one year. Because I do not think application of the statute of frauds to the facts of this case requires jury findings, I reserve the issue for resolution on a Rule 50 motion. Baldor's proposed Instruction 3.3 will not be given.

The parties may expect a completed set of Final Jury Instructions to be filed tomorrow, May 7, 2014.

Dated:  May 6, 2014

                                          **s/John L. Kane**
                                          SENIOR U.S. DISTRICT JUDGE